ALBERT E. LEE, RECEIVER, ETC., Plaintiff and Appellant, v. THE NATIONAL CITY BANK OF NEW YORK, Defendant and Appellant; and ROSARIO GARZOT ET AL., Defendants and Appellees.

No. 6728. Argued January 16, 1936.—Decided March 13, 1936.

*Walter L. Newsom* for plaintiff-appellant. *Fiddler, Córdova, & McConnell* for defendant-appellant. *Leopoldo Feliú* for defendant-appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Albert E. Lee, as Receiver of the United Porto Rican Sugar Co., appointed by the United States District Court for the District of Puerto Rico, brought, in the District Court of Humacao, a suit of interpleader against The National City Bank of New York, Rosario and Matilde Garzot, and their husbands, Angel and Faustino Fernández.

He alleged in the complaint that, in his capacity as such receiver, on February 4, 1934, he entered into a contract with the defendants, Garzot and Fernández, for the grinding of cane; that while said contract was still in force, he received a letter from The National City Bank of New York informing him that it held a lien in its favor on the sugar canes belonging to Garzot and Fernández, and that by virtue of such lien it requested him to hand over to it the proceeds from said canes; that he also received another letter from the attorney for Garzot and Fernández objecting to said delivery; that under such circumstances he applied for instructions to the Federal Court that appointed him; that after hearing the interested parties the court "instructed, authorized, and ordered" him to file a bill of interpleader; that he has no interest in the controversy; and that he wants to be relieved from responsibility. He concluded by praying that the court compel the defendants to interplead; authorize him to purchase the sugar resulting from the grinding and to deposit the proceeds thereof with the court; and enjoin the defendants from filing any claim against him, taxing the costs against them.

Defendants Rosario and Matilde Garzot and Angel and Faustino Fernández moved the court to dismiss the complaint and impose the costs on the plaintiff, on the ground, among others, that it appeared from the complaint itself that there was an action pending between the defendants regarding the same matter, which was a fact. The court heard the parties and rendered judgment against the plaintiff, with costs.

The receiver appealed and appellees Garzot and Fernández filed a motion to dismiss the appeal, which the court decided as follows:

"On reading the above motion to dismiss and it appearing that the plaintiff receiver, now appellant, in filing his bill of interpleader, proceeded in accordance with the instructions received from the Judge of the Federal Court, which instructions were given by the said judge after hearing all the interested parties, and therefore that the present appeal, at least with respect to the pronouncement of the judgment whereby costs were imposed on the plaintiff, is not so clearly frivolous that we should anticipate the outcome of a hearing of the case on the merits, the dismissal sought is denied."

The appeal was proceeded with and heard on its merits, on January 16 last.

We shall not follow the parties in their lengthy argument. It will suffice to say that, from a careful consideration of the case, we have arrived at the conclusion that the complaint is improper as being unnecessary. Why prosecute a new suit, since defendants have already raised the same question before the same district court? See *Garzot* v. *Garzot, etc.,* 48 P.R.R. 77; *Garzot* v. *Garzot, etc.,* 49 P.R.R. 339; *National City Bank* v. *District Court,* 49 P.R.R. 343.

Now, in view of the reasons set forth in our decision denying the motion to dismiss, we think that the pronouncement of costs contained in the judgment appealed from should be reversed. The plaintiff was not obstinate *(temerario)*. He thought that he protected himself better, that he proceeded more correctly by applying to the proper court to directly relieve him of the controversy between both claimants, and he laid his case before the court that appointed him; and it was with its authority that he acted. In virtue thereof, the judgment appealed from is modified by striking out the pronouncement of costs, and as so modified, the judgment is affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.